Filed 4/17/23  P. v. Miller CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HUGH HENRY MILLER,<br><br>    Defendant and Appellant. | D081123<br><br><br>(Super. Ct. No. SCD285303) |


APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This appeal follows a revocation of felony probation and a commitment to state prison.

Hugh Henry Miller pleaded guilty to felony possession of a concealed dirk or dagger (Pen. Code, § 21310) and a misdemeanor possession of drug paraphernalia (Health and Saf. Code, § 11364).  Miller was granted probation subject to a number of conditions.

About a year later, the court summarily revoked Miller's probation. Following a contested evidentiary hearing, the court found Miller violated probation on several grounds, including the filing of a new criminal complaint, case No. SCD295354. The court also denied Miller's motion to relieve appointed counsel. (*People v. Marsden* (1970) 2 Cal.3d 118.)

The court declined to reinstate Miller on probation and committed him to prison for a two-year term. Miller filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Miller the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

Counsel has provided an accurate summary of the facts relevant to the probation revocation. We will include those facts here for convenience.

Charlotte Hess, an officer with the San Diego Police Department, testified that on July 7, 2022 she responded to a call for service at the Pearl Car Wash regarding a restraining order violation. Officer Hess arrived on scene and located Miller. Officer Hess made contact with Miller, placed him in handcuffs, and searched him. During the search a fixed-blade knife was located concealed in the left jacket pocket of Miller. This knife was similar to a kitchen knife.

Jordan Vargas, an officer with the San Diego Police Department, responded to a call for service on July 29, 2022. Miller was contacted on scene by Officer Vargas. Officer Vargas determined there were outstanding warrants for Miller and eventually arrested him. During a search of Miller,

Officer Vargas located one live .223 rifle round in Miller's front left shorts pocket.

The trial court took judicial notice of the terms and conditions of probation for case No. SCD285303. A term and condition of probation was that Miller "not knowingly possess firearm, ammunition, or a weapon." The court found Miller in violation of probation, specifically that Miller violated both the "obey all laws and violating 6(a) and 6(d), not knowingly possess firearm, ammunition, or deadly weapon."

On October 20, 2022, the court denied further probation and sentenced Miller to state prison. The court stated it would be "an exercise in futility to reinstate [Miller] on probation." Further, the court found there were no aggravating circumstances to justify the upper term but noted Miller's lengthy criminal history in imposing the middle term over the low term.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified three possible issues that were considered in evaluating the potential merits of this appeal.

1.  Whether there was substantial evidence to support the finding that Miller violated probation.

2.  Whether the court abused its discretion in denying Miller's *Marsden* motion.

3.  Whether the court abused its discretion in imposing a middle term sentence instead of choosing the lower term.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Miller on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.